Sandra MULDROW, Appellant

v.

EMC MORTGAGE CORPORATION
and Rosenberg & Associates,
LLP, Appellees.

No. 11–7027.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 28, 2011.

Clarence Angelo Connelly, Jr., Law Office of Clarence A. Connelly, Jr., Washington, DC, C. Sukari Hardnett, Hardnett & Associates, Silver Spring, MD, for Appellant.

Andrew Richard Louis, Buckleysandler LLP, Washington, DC, Matthew P. Previn, Buckleysandler LLP, New York, NY, William Leonard Mitchell, II, Esquire, Tracie Noelle Wesner, Esquire, Eccleston & Wolf, PC, Fairfax, VA, for Appellees.

Before: ROGERS and GARLAND, Circuit Judges, and EDWARDS, Senior Circuit Judge.

### *JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia, and was briefed by counsel. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). It is

**ORDERED AND ADJUDGED** that, as to Defendant–Appellee Rosenberg & Associates, LLP, the judgment of the District Court is hereby affirmed for the reasons set forth in the District Court's Memorandum Opinion. *See Muldrow v. EMC Mortg. Corp.,* 766 F.Supp.2d 230 (D.D.C. 2011). It is further

**ORDERED AND ADJUDGED** that, as to Defendant–Appellee EMC Mortgage Corporation ("EMC"), the judgment of the District Court is affirmed for the reasons set forth in this Judgment.

Plaintiff–Appellant, Sandra Muldrow ("Appellant"), executed a repayment agreement with EMC to prevent foreclosure of her home. In her complaint to the District Court, she alleged that EMC, through its actions in connection with the foreclosure, violated the District of Columbia Consumer Protection Procedures Act ("DCCPPA") when it "misrepresent[ed] . . . a material fact" that had a "tendency to mislead," D.C. CODE § 28–3904(e), and "fail[ed] to state a material fact" and that failure "tended to mislead," *id.* § 28–3904(f). *See* Joint Appendix ("J.A.") at 15–17. As the District Court explained, Appellant argued

> that EMC violated the DCCPPA by failing to inform her that the repayment agreement was not negotiable and that she was required to "tender a $2,500 payment before EMC would enter into a loan mitigation program" with her. She contend[ed] that "[a]s a direct and proximate result of [EMC's] misrepresentations of facts," and its "failure to state material facts," she suffered damages "including but not limited to the threatened loss of her home, late fees, collection costs, interest, and in other manner to be proven at trial."

*Muldrow v. EMC Mortg. Corp.*, 766 F.Supp.2d at 234 (citations omitted) (second and third alterations in original). The District Court concluded that Appellant "failed to establish damages and thus standing," and granted summary judgment for EMC. *Id.* (citation omitted).

In reviewing a summary judgment, the court of appeals decides *de novo* the same question that was before the District Court, *Doe v. Gates*, 981 F.2d 1316, 1322 (D.C.Cir.1993), that is, whether "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," FED. R. CIV. P. 56(a). And on an appeal from the grant of summary judgment, the appellate court, with the full record before it, may make a "determination on grounds which differ from those upon which the District Court relied." *Doe*, 981 F.2d at 1322 (citations omitted).

On the record before us, we affirm the summary judgment for EMC, because there are no material facts in dispute. The repayment agreement that was signed by the Appellant provides that she will "pay the total arrearage of $14,264.05, by making an initial down payment of $2,500.00." J.A. at 137. In addition, the parties' accord plainly states that the repayment agreement is "not valid and binding on EMC" until EMC receives the signed agreement and the initial $2500 payment. *Id.* The Appellant conceded that she was told prior to signing the agreement that the terms were nonnegotiable. *See id.* at 153. Finally, the repayment agreement contains an integration clause which precludes the parties from relying upon any oral statements that are inconsistent with the express terms of the contract. *See id.* at 140. In sum, the record makes it clear that the Appellant cannot plausibly claim that she was misled by EMC; therefore, she has no legal basis upon which to seek relief.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.